**COLEMAN CAPITAL CORPORATION,**
Petitioner,

v.

**SMALL BUSINESS ADMINISTRATION,**
Respondent.

No. 16209.

United States Court of Appeals
Seventh Circuit.

Dec. 26, 1967.

John M. Janewicz, Estelle Linn, Chicago, Ill., Leon C. Baker, New York City, Gunther & Choka, Chicago, Ill., for petitioner.

Alan S. Rosenthal, J. F. Bishop, Dept. of Justice, Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Chief Judge.

We have for review the petition of Coleman Capital Corporation seeking to vacate and set aside a cease and desist order entered by respondent Small Business Administration (SBA) upon the failure of petitioner, licensed as a small business investment company by SBA, to file its required Program Evaluation Report (SBA Form 684), for a substantial period of time after the due date thereof.

Section 308(c) of the Small Business Investment Act, 15 U.S.C.A. § 687(c), authorizes the SBA "* * * to prescribe regulations governing the operations of small business investment companies, and to carry out the provisions of this Act, in accordance with the purposes of this Act. * * * [and] Every such company shall make such reports to the Administration at such times and in such form as the Administration may require; * * *."

Section 309(b) of the Act, 15 U.S.C.A. § 687a(b), provides that "where a licensee has not complied with any provision of this chapter, or of any regulation issued under this chapter by the Administration, the Administration may order such licensee to cease and desist from such action or failure to act; and the Administration may further order such licensee to take such action or to refrain from such action as the Administration deems necessary to ensure compliance with the chapter and the regulations. The Administration may also suspend the license of such licensee until the licensee has complied with such order."

Section 309(e) of the Act, 15 U.S.C.A. § 687a(e), provides that "An order issued by the Administration under this section shall be final and conclusive unless within thirty days after the service thereof the

licensee appeals to the United States court of appeals for the circuit in which such licensee has its principal place of business by filing with the clerk of such court a petition praying that the Administration's order be set aside or modified in the manner stated in the petition * * *.''

The Program Evaluation Report under consideration was required to be filed under regulations duly adopted pursuant to SBA's rule-making powers and procedure. SBA published notice of the proposed rule-making with respect to this report on December 23, 1965 (30 Fed. Reg. 16016). The original time for comments by the industry on the proposed report was extended on January 29, 1965, to March 1, 1966 (31 Fed.Reg. 1206). On March 25, 1966, the appropriate regulation became effective and was published (13 C.F.R. 107.802(i)) [1], requiring each licensee to file the report not later than May 31 of each year. A copy was sent to every licensee, including petitioner, immediately upon publication.

Prior to invoking the rule-making procedure, SBA had explained the nature and character of the proposed type of report, together with the reasons for its proposed adoption, at the annual meeting of the National Association of Small Business Investment Companies on November 29—December 2, 1965.

The form of the Program Evaluation Report is simple. It consists of a single page for the listing of financial data concerning small business concerns in which a small business investment company has an equity or lender's interest.

The record shows that Leon C. Baker, petitioner's president (who prosecuted this appeal *pro se*), received a copy of SBA Form 684. He subsequently telephoned SBA stating that petitioner did not have the required information and had no means of requiring his borrowers to provide it. He was told to do the best he could. Petitioner filed no report on the required date of May 31, 1966. On June 24, 1966, SBA sent petitioner a follow-up letter concerning the default on filing the required report, to which petitioner made no response.

On August 29, 1966, petitioner not having filed the required report, the Administrator of SBA issued an order to show cause why an order should not be issued requiring petitioner to cease and desist from violating the regulations and why petitioner's license to operate as a Small Business Investment Company should not be suspended, returnable on or before 30 days after service of the order.

On September 22, 1966, petitioner filed its answer to the order to show cause. In such answer, as a first affirmative defense, petitioner alleged that the requirement of filing SBA Form 684 was an unreasonable and unnecessary burden on licensees and did not serve any valid regulatory purpose, that the time for filing was too short, and that the only purpose of the filing was to furnish SBA with material "for use in attempting to persuade Congress to increase the appropriation for the agency." As a second

---

1. "(i) *Program Evaluation Reports.* (1) The Program Evaluation Report, SBA Form 684, shall be prepared by each Licensee as of March 31 of every calendar year and filed with SBA not later than May 31 of such year, to reflect all transactions involving Licensee's debt or equity financing of small business concerns which were outstanding at any time during the preceding 12-month period ending March 31: *Provided, however*, That the initial report as of March 31, 1966, to be filed not later than May 31, 1966, shall reflect only financings of small business concerns which were outstanding as of March 31, 1966. The re-

port shall be prepared in accordance with Instructions for Preparation of the Program Evaluation Report, SBA Form 684. The Program Evaluation Report, SBA Form 684, and the instructions pertaining thereto are incorporated in and expressly made a part of this section.

"(2) Each Licensee shall, as a condition of all financing agreements consummated or renegotiated with small business concerns after the effective date hereof, require such concerns to furnish to the Licensee all information needed by such Licensee for the preparation and filing of SBA Form 684 * * *.''

affirmative defense, petitioner alleged that it sought to comply with regard to Form 684 but did not have sufficient information necessary to complete the form, that it had unsuccessfully tried to get such information, that it was hindered in so doing because SBA had required it to transport many of its records from Scarsdale, New York, to the SBA New York office; and that SBA already had most of the information required in Form 468 furnished by petitioner on March 31, 1966. As a third affirmative defense, petitioner alleged, in the alternative, that it would attempt to submit the required Form 684 prior to October 18, 1966.

Within five days after filing the above answer, petitioner sent a Program Evaluation Report to SBA, with a letter dated September 27, 1966, stating the report contained "such information as [it] has been able to obtain from its borrowers" and requesting that the show-cause hearing be discontinued. Such purported report related to only 9 of the 39 companies in which petitioner had an interest. No further report was filed by petitioner prior to the hearing date.

A hearing was held on December 21, 1966, with petitioner being present and represented by its president, Leon C. Baker.

Following the hearing, petitioner undertook to file the additional information it had, and it did so on December 23, 1966, providing the balance of the information to be shown in required reports in form and substance satisfactory to SBA.

On March 7, 1967, the hearing examiner filed his initial decision and order. The decision reviewed the record in detail and recommended the following order:

"ORDER

"And Now, based upon the foregoing and the record herein, effective when this Initial Decision and Order is served upon Respondent, to prevent any repeated violation of Section 308(c) of the Small Business Investment Act requiring reports on SBA Regulation 107.802 or similar regulation and to ensure future compliance with said sec-

tion and provision of the Act and said Regulation or similar regulation, It Is Ordered That Respondent, Coleman Financial Corporation, shall cease and desist always from noncompliance with and shall always comply with the provision of Section 308(c) of the Small Business Investment Act requiring reports, and with SBA regulation 107.802 or similar regulation, and shall take and refrain from such action as is necessary to ensure compliance always with said provision of said Act and said Regulation, including without limitation, the maintenance of policy and operating procedures and safeguards which assure the correct and timely preparation and filing of reports with SBA as and when required by the Small Business Investment Act and SBA Regulation.

/s/ LEONARD J. RALSTON
*Hearing Examiner.*

March 7, 1967."

Petitioner's petitions for review of the order by the Administrator of SBA, and for rehearing, were denied without opinion on March 31, 1967, and April 18, 1967, respectively, and the initial order was affirmed.

On April 28, 1967, petitioner filed the instant petition for review with this court. Petitioner's principal place of business being located in Chicago, Illinois, this court has jurisdiction. Section 309 (e) of the Act, supra.

We have reviewed the record in this case. It shows facts sufficient to support the order under review. It further correctly establishes that petitioner failed to adequately support the affirmative defenses set out in its answer.

Petitioner's Program Evaluation Report was required to be filed not later than May 31, 1967. It was not filed then. Petitioner had at least part of the information called for at that time but did not file it. Petitioner ignored the follow-up letter sent to it by SBA concerning this default on June 24, 1966. In fact, petitioner did nothing of substance in this respect until after the order to show

cause was issued on August 29, 1966, and then not until after September 22, 1966, when it filed its answer, did it file its first partial incomplete report on September 27, 1966. Finally, after availing itself of excuses and doubtful reasons for noncompliance, it waited until after the hearing on the show cause order (December 21, 1966) to file its report in satisfactory form on December 23, 1966. This report was almost seven months delinquent.

Petitioner urges that having satisfied SBA on December 23, 1966, SBA should have dismissed the proceeding and should not have issued its order. That the belated filing of a required report or the tardy discontinuance of a wrongful practice is no bar to a cease and desist order issued by a federal administrative agency has long been settled law in this and other circuits. Clinton Watch Company v. F. T. C., 7 Cir., 291 F.2d 838, 841 (1961), cert. denied, 368 U.S. 952, 82 S.Ct. 395, 7 L.Ed.2d 386 (1962), and cases cited therein.

In our view, petitioner's course of conduct was such as to furnish adequate support for the exercise of authority by SBA.

 Petitioner contends that the cease and desist order overreaches the authority vested in SBA and that SBA abused its discretion in entering the order in question. The short answer is that it is well established that administrative agencies are vested with a wide discretion in fashioning orders and formulating sanctions adequate to prevent repetition of the violations committed. Federal Trade Comm'n v. Henry Broch & Co., 368 U.S. 360, 364, 82 S.Ct. 431, 7 L.Ed.2d 353 (1962).

 Finally, petitioner urges that the order under review subjects it to possible future contempt proceedings for violations neither connected with nor similar to its late filing under review. We do not so read the order, nor did SBA. The

violations prohibited are of the same character and are related to the violation committed. In the hearing examiner's initial decision, at the time the order was recommended, it was particularly noted that the order does not prohibit violations of the Act or the regulations "in any manner" nor does it "restrain generally all other unlawful practices." Neither does it require broad obedience to the Act and regulations. It is designed "to prevent any repeated violations of Section 308(c) * * * requiring reports or SBA Regulation 107.802 or similar regulation and to ensure future compliance * * *."

In our judgment, this order is well within the discretion vested in the agency and is reasonably related to petitioner's past conduct. We find no justification for modification.

Our attention has been called to an unpublished memorandum order entered by the United States Court of Appeals for the First Circuit on April 4, 1967 in No. 6837 entitled Wyatt Investment Corporation, Petitioner v. Small Business Administration of the United States of America, Respondent. In this order the court dismissed the petition to review an order of suspension, stating:

*"Per Curiam.* The contention that the Small Business Administration cannot frame a regulation, specifically 13 C.F.R. 107.802(i) as amended 31 Fed.Reg. 4954, conditioning the continuance of the license of small business investment companies upon the furnishing of so-called program evaluation reports, is too ill founded to require discussion.

*"Order.* The petition to review the order of suspension is dismissed with costs."

For the foregoing reasons, the SBA order appealed from is affirmed and the petition for review is denied.

Order affirmed. Review denied.